[Civ. No. 795.   Second Appellate District.—November 28, 1910.]

## JOHN SERPIGLIO, an Infant, by D. SERPIGLIO, His Guardian, Appellant, v. H. C. DOWNING, JOHN ANDERSON and JAMES SWINFORD, Respondents.

ORDER DENYING NEW TRIAL—NEWLY DISCOVERED EVIDENCE—ABSENCE OF EVIDENCE AT TRIAL—REVIEW UPON APPEAL.—Where the sole ground of the motion for a new trial is newly discovered evidence based upon a single affidavit, but the evidence upon which the court made its findings is not brought up for examination, and it cannot be said, in the absence of such evidence, that the material facts set forth in the affidavit are inconsistent with the findings, the order denying the new trial cannot be disturbed upon appeal.

ID.—DISCRETION—ABUSE NOT SHOWN.—The action of the trial court in denying a new trial is so largely a matter of discretion that its ruling cannot be disturbed, where it is not made affirmatively to appear that its discretion was abused.

ID.—ACTION FOR INJURY TO MINOR—FINDINGS AGAINST NEGLIGENCE—QUESTION OF PARTNERSHIP IMMATERIAL.—In an action for injury to a minor, where the findings are that "it is not true that by reason of any act or neglect, or carelessness, or default, or conduct on the part of said defendants, or either or any of them, or their agents or servants, or any of them, (plaintiff) was injured or sustained injury, or sustained damages in any sum or manner whatsoever," it is immaterial whether the answer or other findings show that there was a partnership between the defendants or not.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George R. Davis, Judge.

The facts are stated in the opinion of the court.

Chas. Atkinson, for Appellant.

Haas, Garrett & Dunnigan, for Respondents.

SHAW, J.—Action for the recovery of damages alleged to have been sustained by plaintiff on account of the negligence of defendants.

The appeal is from a judgment in favor of defendants and an order of court denying plaintiff's motion for a new trial. The sole ground upon which the motion for a new trial was

made was newly discovered evidence, which plaintiff could not with reasonable diligence have discovered and produced at the trial.

The record discloses that at the hearing of the motion one affidavit was presented in support thereof, but the evidence upon which the court made its findings is not brought up for examination. The action of the trial court in granting or denying a motion for a new trial is so largely a matter in the court's discretion that its rulings should not be disturbed, save and except in those cases where it is made to affirmatively appear that there has been an abuse of such discretion. In the absence of the evidence introduced at the trial, we cannot say that the court erred in denying the motion; indeed, the material facts averred in the affidavit are not necessarily inconsistent with the findings of the court.

The action was based upon the theory that defendants were the owners of and engaged in the operation of a printing plant, from which was issued a newspaper known as the "San Pedro Tribune"; that plaintiff, who was a minor nine years of age, was in the employ of defendants, and while so employed was directed to ink one of the printing presses, in the performance of which work his hand was crushed; that by reason of his lack of appreciation of the dangerous character of the work, due to his tender years, defendants were guilty of negligence in directing plaintiff to engage in work the dangerous nature of which was unknown to him and known to defendants.

In his argument on the appeal from the judgment counsel for appellant lays much stress upon the alleged fact that the answer of defendants, as well as the findings, disclose the relation of a partnership existing between defendants. Conceding this to be true, we are unable to perceive how such fact can benefit appellant. It appears from the complaint and findings that the defendants, who with a number of others, including one Z. W. Craig, were the owners of a paper and printing plant, had let the possession thereof to the latter, and "that the said Z. W. Craig was in the sole management, possession, custody, and control of said printing plant and said newspaper." Conceding further that we should construe this finding as establishing the fact that Craig was operating the plant merely as the agent of defendants (which interpretation

would be contrary to the rule that findings should be so construed, if possible, as to support the judgment based thereon), we are met with the finding, "that it is not true that by reason of any act, or neglect, or carelessness, or default, or conduct on the part of said defendants, or either or any of them, or their agents or servants, or employees, or any of them (plaintiff) was injured or sustained injury, or sustained damages in any sum or in any manner whatsoever."

Upon this record we are unable to find any merit in either appeal and the judgment and order are affirmed.

Allen, P. J., and James, J., concurred.